UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| CAMEO, LLC, )  | |
| ) | |
|     Plaintiff, ) | Action No. 5:14-cv-256-JMH |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION AND ORDER** |
| ) | |
| TECHNI-COAT INTERNATIONAL, ) | |
|     N.V./S.A., ) | |
| ) | |
|     Defendant, ) | |
| ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

In the Court's Order dated July 3, 2017 [DE 91], the Magistrate Judge ordered Plaintiff to show cause why the case should not be dismissed for lack of subject matter jurisdiction on the basis that the plaintiff's Amended Complaint [DE 86] destroyed diversity jurisdiction for this Court. Plaintiff concedes the alien citizenship of both parties in its response to the show cause order and admits the case must be dismissed for lack of jurisdiction [DE 92 p. 9]. As Magistrate Judge Wier noted, "the presence of foreign parties on both sides of the dispute destroys the complete diversity required by §1332(a)(2)." *U.S. Motors v. Gen. Motors Europe*, 551 F.3d 420, 423-24 (6th Cir. 2008). Thus, this Court must dismiss the case for lack of jurisdiction.

Defendant agrees that dismissal is appropriate, but requests that it be awarded costs and fees [DE 93]. Defendant did not cite

any case law to support its request that a court without jurisdiction may enter an award of fees and costs. Plaintiff opposed such a request in its Reply [DE 94], arguing that while there is no Sixth Circuit case law on point, the Ninth Circuit has prohibited awarding attorney's fees where the court lacks jurisdiction to hear the case. *See, e.g.*, *Skaff v. Meridien N. Am, Beverly Hills, LLC*, 506 F.3d 832, 837 (9th Cir. 2007)("[a] court that lacks jurisdiction at the outset of a case lacks the authority to award attorneys' fees).

The principle here is a simple one: if a court does not have jurisdiction to hear the case, a court does not have the power to enter an award of fees and costs in the case. The Supreme Court addressed this directly in 1925, and it remains true today: "If the District Court had lacked jurisdiction as a federal court, it would have been without power to order the plaintiffs to pay costs." *Smyth v. Asphalt Belt Ry. Co.*, 267 U.S. 326, 330, (1925). The same is true for attorney's fees and the requested "expenses."

Accordingly, for the reasons stated herein and the Court being sufficiently advised, **IT IS ORDERED** that this case be, and the same hereby is, **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction and Defendant's request for fees, costs, and expenses be, and the same hereby is, **DENIED**.

This 26th day of July, 2017.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge